UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
STEPHEN FRANCOIS,                          :

                        Plaintiff,         :

                                           :     11 Civ. 4339 (CM) (THK)
     -against-                             :

                                           :     REPORT AND RECOMMENDATION
MICHAEL J. ASTRUE,                         :            (PRO SE)
Commissioner of Social Security            :

                                           :
                        Defendant.         :
------------------------------------X

TO: HON. COLLEEN MCMAHON, UNITED STATES DISTRICT JUDGE.
FROM: THEODORE H. KATZ, UNITED STATES MAGISTRATE JUDGE.

Plaintiff Stephen Francois, proceeding pro se, brought this
action against the Commissioner of Social Security ("the
Commissioner") on May 30, 2011, challenging the amount of his
Social Security benefit. The Commissioner has moved to dismiss the
Complaint, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal
Rules of Civil Procedure, on the ground that Plaintiff failed to
exhaust his administrative remedies. Plaintiff has failed to
respond to the motion.

The motion was referred to this Court for a Report and
Recommendation, in accordance with 28 U.S.C. § 636 (b)(1)(B) and
(C) and Rule 72(b) of the Federal Rules of Civil Procedure. For
the reasons that follow, the Court recommends that Defendant's
motion be granted and this action be dismissed without prejudice.

## BACKGROUND

In November 1996, Plaintiff was diagnosed with end-stage renal

COPIES MAILED
TO COUNSEL OF RECORD ON 1/30/12

disease, requiring dialysis treatment three times a week. (See Disability Claim Form, attached to Complaint ("Compl.".) Plaintiff, who had served as a caseworker with the New York City Administration for Children Services for eight years, resigned from work in April 1997 due to his illness. (See Letter from Administration for Children Services, dated April 2, 2010, attached to Compl.) Plaintiff underwent a kidney transplant in June 2005. (See Compl. ¶ 4.)

Plaintiff applied for disability insurance benefits and Supplemental Security Income ("SSI") benefits on January 15, 1997, and the Social Security Administration ("SSA") awarded Plaintiff benefits. (See Declaration of Marion Jones ("Jones Decl.") ¶ 3(A).) On July 24, 2000, the SSA awarded Plaintiff husband's benefits based on his spouse's social security record. (See id. Ex. 1.) Once Plaintiff began to receive spousal benefits, he no longer qualified for SSI. (See id. Ex. 6.) However, Plaintiff became entitled to social security retirement benefits based on his own work history when he attained sixty-two years of age in 1999. (See id.)

By a letter dated March 19, 2008, the SSA informed Plaintiff that his monthly social security retirement benefit was $794.00, consisting of $607.00 based on Plaintiff's own record and $187.00 based on his spouse's record. (See id. Ex. 2.) On March 31, 2009,

2

Plaintiff filed a request for reconsideration, explaining "[t]he husband wife insurance benefit is not correct as stated in [the] last letter from the [SSA]." (Id. Ex. 3.)

The SSA replied to Plaintiff's request for reconsideration in a letter dated April 14, 2009. (See id. Ex. 4.)  Despite finding that Plaintiff's request was untimely, the SSA performed a complete review of Plaintiff's record and determined that he "received the correct monthly benefit for December 2007 on." (Id.)  In the letter, the SSA explained its calculation of Plaintiff's retirement and spousal benefits in detail.  On November 6, 2009, Plaintiff filed a request for a hearing by an administrative law judge (ALJ), stating that he "disagree[s] [with] the benefit amount [he is] receiving." (Id. Ex. 5.)  Plaintiff also submitted a letter to the SSA, on July 23, 2010, in which he claimed he had not received his spousal benefits. (See id. Ex. 5.)

On September 14, 2010, Plaintiff appeared at his scheduled hearing before ALJ Lucian A Vecchio. (See Letter from Plaintiff, dated May 20, 2011, attached to Compl.)  Plaintiff requested an adjournment after learning that the ALJ was reviewing the case for overpayment.  The ALJ rescheduled the hearing for January 2011.  In the interim, Plaintiff obtained documentation from his local SSA office attesting that Plaintiff had not received overpayment. (See Letter from SSA, dated Nov. 29, 2010, attached to Compl.)

3

On January 5, 2011, ALJ Vecchio held a hearing to review the amount of Plaintiff's benefits. (See id. Ex. 6.)  In his decision, dated January 14, 2011, the ALJ reviewed the calculation of Plaintiff's retirement benefits and spousal benefits and determined that Plaintiff had not received incorrect benefits. (See id.)  The ALJ specifically found that Plaintiff "has been correctly paid retirement insurance benefits on his own record and spouses benefits on the record of his wife. . . . The claimant is not overpaid on either record." (Id.)  On February 12, 2011, Plaintiff filed a request for a review of ALJ Vecchio's decision. (See id. Ex. 7.)  This request is currently pending before the Appeals Council. (See id. ¶ 3(f).)

Plaintiff filed the instant action June 2, 2011, seeking review of the ALJ's decision.  In the pleadings, Plaintiff asserts that the ALJ's decision is incorrect and not based on the facts Plaintiff presented at the hearing. (See Annotated Decision of ALJ Vecchio, dated Jan. 14, 2011, attached to Compl.)  Plaintiff also argues that he has not received spousal benefits and that the SSA improperly calculated his benefits.  On December 5, 2011, Defendant filed a motion to dismiss the Complaint for lack of subject matter jurisdiction and failure to state a claim.  Plaintiff did not respond to this motion.

4

## DISCUSSION

Defendant contends that Plaintiff's claim should be dismissed for lack of subject matter jurisdiction because the Commissioner has not made a "final decision" on the issue raised in the Complaint. (See Def.'s Mem. at 1.)  This Court agrees.

I.   Legal Standards

   A.   Motion to Dismiss Pursuant to Rule 12(b)(1)

Defendant is seeking to have this action dismissed for lack of subject-matter jurisdiction.   "Dismissal of a case for lack of subject matter jurisdiction under Rule 12(b)(1) is proper 'when the district court lacks the statutory or constitutional power to adjudicate it.'"  Ford v. D.C. 37 Union Local 1549, 579 F.3d 187, 188 (2d Cir. 2009) (quoting Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000)).   In considering a Rule 12(b)(1) motion, federal courts must construe all ambiguities and inferences in a plaintiff's favor. See Aurecchione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir. 2005) (quoting Makarova, 201 F.3d at 113).   A court may consider affidavits and other extra-pleading material, and the burden is on the plaintiff to prove by a preponderance of the evidence that jurisdiction exists. See Makarova, 201 F.3d at 113 (citations omitted); Zappia Middle East Const. Co. Ltd. v. Emirate of Abu Dhabi, 215 F.3d 247, 253 (2d Cir. 2000); Heicklen v. U.S. Dep't of Homeland Sec., No. 10 Civ. 2239

(RJH)(JLC), 2011 WL 3841543, at *5 (S.D.N.Y. Aug. 30, 2011) (citations omitted). However, a court retains its obligation to accord pro se pleadings a close and sympathetic reading. See Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007) (per curiam) ("A document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal citations and quotation marks omitted).

    B.   Judicial Review of SSA Decisions

    Under the principle of sovereign immunity, "the United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Sherwood, 312 U.S. 584, 586, 61 S. Ct. 767, 769-70 (1941) (citations omitted); see also United States v. Dalm, 494 U.S. 596, 608, 110 S. Ct. 1361, 1368 (1990); Dotson v. Griesa, 398 F.3d 156, 177 (2d Cir. 2005). The United States must unequivocally express its consent to be sued by specifically waiving sovereign immunity in a statutory text. See Lane v. Pena, 518 U.S. 187, 192, 116 S. Ct. 2092, 2096 (1996); United States v. Nordic Village, Inc., 503 U.S. 30, 33-44, 112 S. Ct. 1011, 1014 (1992); United States v. Mitchell, 445 U.S. 535, 538, 100 S. Ct. 1349, 1351 (1980).

    The United States has authorized limited judicial review of

claims arising under Title XVI of the Social Security Act. Judicial review of a decision by the Commissioner of the SSA is governed by 42 U.S.C. § 405(g),[1] which provides:

> [a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). This section provides the exclusive means of judicial review of social security benefit determinations, as "[n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or government agency except as herein provided." 42 U.S.C. § 405(h). Section 405(g), by limiting judicial review to final decisions of the Commissioner, requires claimants seeking judicial review to first exhaust all available administrative procedures. See Mathews v. Eldridge, 424 U.S. 319, 327, 96 S. Ct. 893, 899 (1976) ("The only avenue for judicial review is 42 U.S.C. § 405(g), which requires exhaustion of

---

[1] Section 405(g) governs judicial review of disability benefits determinations under Title II of the Social Security Act, but section 1383(c)(3) of Title XVI provides that the decisions of the SSA concerning SSI benefits "shall be subject to judicial review as provided in section 405(g) of [the Social Security Act] to the same extent as the Commissioner's final determinations under section 405." 42 U.S.C. § 1383(c)(3).

the administrative remedies provided under the [Social Security Act] as a jurisdictional prerequisite. . . . On its face § 405(g) thus bars judicial review of any denial of a claim of disability benefits until a 'final decision' by the Secretary after a 'hearing.'"); accord Sims v. Apfel, 530 U.S. 103, 106-07, 120 S. Ct. 2080, 2083 (2000) (explaining that section 405(g) requires claimants seeking judicial review to "exhaust administrative remedies") (citing Weinberger v. Salfi, 422 U.S. 749, 765-66, 95 S. Ct. 2457, 2467 (1975)).

The administrative procedures that must be exhausted are set forth in SSA regulations, 20 C.F.R. §§ 416.1400-82, and consist of four steps. See Heckler v. Day, 467 U.S. 104, 106, 104 S. Ct. 2249, 2251 (1984) (setting forth the four-step procedure for claims arising under Title II of the Social Security Act). First, a claim is subject to an initial determination by the SSA. See 20 C.F.R. §§ 416.1402-05. Second, a dissatisfied claimant is entitled to de novo reconsideration by the SSA if he files a request within sixty days after receipt of the adverse determination. See 20 C.F.R. § 416.1409. Third, he is entitled to an evidentiary hearing and a de novo review by an ALJ of the initial determination or of the reconsideration, subject to the same sixty-day filing requirement. See 20 C.F.R. §§ 416.1430, 416.1433. Fourth, the claimant may request that the Appeals Council of the SSA review the ALJ opinion.

See 20 C.F.R. §§ 416.1467-68.  Judicial review can only occur after the Appeals Council acts upon a request to review an ALJ decision, resulting in a final decision of the Commissioner. See 42 U.S.C. § 405(g); 20 C.F.R. § 416.1481; Germain v. Barnhart, No. 05 Civ. 03058 (PAC)(DF), 2007 WL 2710338, at *1 (S.D.N.Y. Sept. 11, 2007) (dismissing, for lack of subject matter jurisdiction, Social Security lawsuit in which plaintiff challenged calculation of his disability benefits without obtaining final decision); Mathews v. Chater, 891 F. Supp. 186, 188 (S.D.N.Y. 1995) ("A determination is only final after the Appeals Council has denied review or decided the case after review.  It is at that point that there is a final decision subject to judicial review under 42 U.S.C. § 405(g).") (internal citations omitted).

II.  Application

Here, Plaintiff failed to exhaust his administrative remedies before commencing the current action.  Plaintiff received notice of a change in benefits on March 19, 2008.  (See Jones Decl. Ex. 2.) This constituted an initial determination, the first step in the administrative process.  Plaintiff then filed a request for reconsideration of his benefits amount with the SSA on March 31, 2009.  (See id. Ex. 3.)  The SSA reviewed Plaintiff's social security file and determined that Plaintiff was receiving the correct amount of benefits based on both his account and his

9

spouse's account. (See id. Ex. 4.) Although Plaintiff's request was untimely, the SSA reconsidered Plaintiff's benefit determination, and, as a result, Plaintiff met the requirements of the second step of the administrative review process. Plaintiff subsequently requested a hearing before an ALJ to review the SSA's determination that Plaintiff's benefits were correct. After a hearing on January 5, 2011, the ALJ found that the SSA's calculation and payment of Plaintiff's benefits were correct. (See id. Ex. 6.) Accordingly, Plaintiff completed the third step of the administrative process. Plaintiff then filed a timely request with the Appeals Council to review the ALJ's decision. (See id. Ex. 7.) Plaintiff's request is currently pending before the Appeals Council. (See id. ¶ 3(f).) As the Appeals Council has not yet acted on Plaintiff's request, there has been no final decision by the Commissioner, and the fourth and final step in the administrative review process has not been completed. Consequently, Plaintiff has failed to exhaust his administrative remedies, and this Court lacks subject matter jurisdiction over Plaintiff's suit.

## CONCLUSION

For the reasons set forth above, this Court recommends that Defendant's motion to dismiss for lack of subject matter jurisdiction be granted, and that the action be dismissed without

prejudice to refiling after a decision by the Appeals Council. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6(a) and (e).  Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Colleen McMahon, U.S.D.J., and to the chambers of the undersigned, Room 1660.  Any requests for an extension of time for filing objections must be directed to Judge McMahon.  Objections that are not filed on time will be waived for purposes of appeal. Thomas v. Arn, 474 U.S. 140, 149-52, 106 S. Ct. 466, 472-73 (1985), reh'g denied, 474 U.S. 1111, 106 S. Ct. 899 (1986); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir.), cert. denied, 506 U.S. 1038, 113 S. Ct. 825 (1992); Small v. Secretary of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).


                              Respectfully submitted,

                              THEODORE H. KATZ
                              UNITED STATES MAGISTRATE JUDGE


Dated: January 30, 2012
       New York, New York


                              11